IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | LINDELL POINTER, | ) |
| | Plaintiff, | ) |
| | | ) |
| vs. | | ) CASE NO. 12-CV-397-TCK-PJC |
| | | ) |
| 1. | CITY OF TULSA; | ) |
| 2. | JEFF HENDERSON, Tulsa Police | ) |
| | Department Officer; | ) |
| 3. | BRANDON MCFADDEN, Special Agent | ) |
| | for Bureau of Alcohol, Tobacco, | ) |
| | Firearms and Explosives (BATF); | ) |
| 4. | RONALD PALMER; in his individual | ) |
| | capacity; | ) |
| 5. | JOHN DOES 1-30, unknown individuals | ) |
| | of the Tulsa Police Department and/or | ) |
| | BATF; | ) |
| 6. | JOHN DOES 31-40, unknown supervisors | ) |
| | and/or policy makers for the Tulsa Police | ) |
| | Department and/or BATF, | ) |
| | | ) JURY TRIAL DEMANDED |
| | Defendants. | ) ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiff, Lindell Pointer ("Plaintiff"), and submits this Complaint asserting his causes of action against the Defendants.

### PARTIES, JURISDICTION & VENUE

1. The Plaintiff is a resident of Tulsa County, State of Oklahoma, which is located in the Northern District of Oklahoma.

2. Upon information and belief, at all times relevant Ronald Palmer ("Chief Palmer") was a resident of Tulsa County, was the Chief of the City of Tulsa's Police Department ("TPD"), and his actions were in either his official or individual capacity.

3. Upon information and belief, Brandon McFadden ("McFadden") was a resident of Lubbock, State of Texas; however he is presently incarcerated at the Federal Correctional

1

Institution in Seagoville, Texas. At all times relevant McFadden was an agent employed by the United States Department of Alcohol, Tobacco, Firearms and Explosives ("BATF") and assigned to the Tulsa County Drug Task Force.

4. Upon information and belief, Jeff Henderson ("Henderson") was a resident of Tulsa County; however he is presently incarcerated at the Federal Correctional Institution with his location status listed as "in transit." At all times Henderson relevant was a TPD officer working in Tulsa Police Department's Special Investigations Division and assigned to the Tulsa County Drug Task Force.

5. Upon information and belief, at all times relevant the Defendant John Does 1-30, employees of TPD ("John Does 1-30") were officers, agents, and representatives of that government entity.

6. Upon information and belief, at all times relevant Defendant John Does 31-40 ("Does 31-40")(all John Does as "John Doe Defendants") were supervisors and/or policy makers for the City of Tulsa.

7. At all times relevant, the Defendant City of Tulsa ("COT") is a political subdivision of the state of Oklahoma responsible for staffing, maintaining, and otherwise operating the TPD. The Plaintiff represents to this Court that they complied with the Notice provisions in Oklahoma's Governmental Tort Claims Act, 51 O.S. § 151, *et. seq.* ("GTCA"), in that he provided COT timely notice of his claims and such was denied by operation of law.

8. The jurisdictional basis for this Court to determine this cause of action is pursuant to 28 U.S.C. § 1331 as this cause of action arises under federal law: 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29

L.Ed.2d 619 (1971). The Court likewise has supplemental jurisdiction over Plaintiff's tort claims pursuant to 28 U.S.C. § 1367.

9. Venue is properly laid in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) as the incidents giving rise to this action occurred in Tulsa County, State of Oklahoma.

## STATEMENT OF FACTS

10. Jeff Henderson ("Henderson") was a TPD officer working in TPD's Special Investigations Division and assigned to the Tulsa County Drug Task Force. Henderson's father, Jim "Bung" Henderson, was a mainstay at TPD, and has a memorial fishing tournament named after him.

11. Plaintiff, along with his brother, Jamon Pointer, where indicted on the same day, but in different cases for similar crimes involving drugs and guns. Plaintiff was sentenced on 12-29-08 in Count 1 to a consecutive (to a 5-year state sentence) 168-month sentence for possession with intent to distribute 50-grams or more of cocaine base pursuant to 21 U.S.C. 841(a)(1), (b)(1)(AB)(iii).

12. Tulsa Police and drug taskforce agents had prepared, on 03-05-08, one affidavit for the search of the Plaintiff's Tulsa home, and his brother's home, a few miles away. The search warrant affidavit, sworn to by indicted Tulsa Police Officer Jeff M. Henderson, stated in part:

> "Your affiant further states in the past 72 hours the mentioned RCI has been to two residences and observed two black males, known to the RCI as "Jamon Pointer," AKA "JP", and his brother only known as "LP" who were selling cocaine out of the residences of 2727 S. 124th E. Ave, and 7825 E. 22nd Place, within the past 72 hours.
> … The residence of 7825 E. 22nd Place has utilities in the name of Lindell Pointer Sr…. Affiant Jeff Henderson [signature] subscribed and sworn to before me this 5th day of March 2008…" Combined SW affidavit for Jamon and Lindell.

3

13. According to the police reports, the testimony at the suppression hearing, and the response filed by the government to the motion to suppress in his brother's case, the police pulled up in front of Plaintiff's home at the same time as his brother pulled into Plaintiff's driveway. Plaintiff was in the car with the police, having just been arrested for driving without a driver's license. The government's response to the motion to suppress search warrant, filed 07-09-08, states:

> "Officers pulled near the front of the [Lindell's] home and made contact with Jamon Pointer, who at that time was standing outside next to the driver's door of his white Cadillac … Sgt. Larkin and Officer Henderson *secured Jamon Pointer and Officer Henderson placed him in his police unit* as well. SA McFadden [who has been indicted and pleaded guilty] searched Jamon Pointer …and seized $133 from his person." Gov. Res. P. 2. Emphasis added.

14. The government's first witness at his brother's jury trial was indicted and convicted ATF agent Brandon McFadden who laid out the details mentioned above. He further testified that he led the entry into both Defendants' [Plaintiff herein and his brother] unoccupied homes. Tr. Jury Trial p. 16. McFadden stated that he found 18.38 net grams of crack cocaine in a safe on the floor inside a small closet filled with male clothes in a bathroom off the master bathroom of his brother's. Tr. Jury Trial p. 18.

15. Recently Plaintiff became aware that the search warrant to search his home was not proper – in fact the affidavit was completely made up and falsely verified by Tulsa Police Officers. It was the subject of Count 40 of the Indictment of Tulsa Police Officers Jeff Henderson and William Yelton (NDO Case NO. 10-CR-117, filed 07-19-10). That count states:

> "Count 40 (Deprivation of Civil Rights). On or about March 7, 2008, Jeff M. Henderson did willfully act under color of law, statute, ordinance, regulation, and accustom to deprive Jamon Pointer and Lyndell [sic] Pointer of rights, privileges, and immunities secured and protected by the Constitution and laws of

> the United States, to wit, the right of Jamon Pointer and Lyndell [sic] Pointer to be free from an unreasonable search and seizure by one acting under color of law. All in violation of Title 18, United States Code, Section 242." Emphasis added.

16. After the Plaintiff's incarceration had commenced, it became known that Henderson and McFadden committed perjury during the trial. This information was made known to the Court and ultimately the Plaintiff was freed from incarceration.

17. McFadden was indicted by the U.S. District Court for the Northern District of Oklahoma for *Conspiracy to Distribute Schedule I and Schedule II Controlled Substances*. He plead guilty to the charges set forth in said indictment and has specifically named Henderson as both a co-conspirator and for staging the bogus and sham charges against the Plaintiff.

18. Henderson was indicted by a federal grand jury for a variety of police corruption charges. As such pertains to the Plaintiff, the indictment alleges the following in Count 40:

> On or about March 7, 2008, in the Northern District of Oklahoma, the Defendant. JEFF M. HENDERSON, did willfully act under color of law, statute, ordinance, regulation, and custom to deprive Jamon Pointer and Lyndell Pointer of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States, to wit, the right of Jamon Pointer and Lyndell Pointer to be free from an unreasonable search and seizure by one acting under color of law.
>
> All in violation of Title 18, United States Code, Section 242.

19. Henderson was tried and convicted on eight felony counts which included perjury and violation of an individual's civil rights.

20. During Henderson's trial, evidence was presented that the BATF knew that McFadden and John Does 1-30 were engaging in criminal conduct and did nothing to intervene or otherwise stop the same.

21. The COT, Palmer, and Does 31-40 knew that Henderson and other TPD officers were committing perjury, suborning perjury, fabricating evidence, and initiating what would become the malicious prosecution of the Plaintiff and numerous other persons.

22. At one point during his TPD career, roguish officer Henderson had the third highest number of citizen complaints or internal affairs investigations in TPD. Palmer knew of at least two incidents of Henderson's misconduct: when Henderson took it upon himself to conduct identification checks at local bars and later beating and seriously injuring a person he had a personal vendetta against; and when he had been the subject of an extensive TPD internal affairs investigation as to whether he had been truthful and used excessive police force during an arrest.

23. TPD policy makers such as Palmer, Does 31-40, as well as its officers such as Henderson, engaged in systemic and wide open perjury, to cover-up constitutional and state law violations committed either themselves or by their fellow officers, supervisors and/or subordinates. Such was done so with the knowledge and condoning of their supervisors such as Palmer and Does 31-40, who: tacitly accept and encourage a code of silence wherein police officers refuse to report other officers' misconduct, and encourage and/or fail to discipline officers who "testilie" and fabricate evidence to initiate and continue the malicious prosecution of the Plaintiff and others.

24. In a *Tulsa World* article dated August 8, 2010, the following appeared:

> <u>Palmer says he accepts some of the criticism for a police culture that allowed certain officers to commit illegal acts</u>. "I don't feel responsible for the actions of the officers who have admittedly broken the law, <u>but I do feel responsible, in part, for the culture that developed and allowed this to occur</u>," he said…
>                                   and
> The police department is revising its policies and guidelines as part of the issues raised by the federal grand jury investigation into police corruption in Tulsa. Additionally, <u>on July 23 Jordan announced a no-tolerance policy on lying in response to an internal investigation by the department and grand jury actions…</u>

> and
>
> For example, in a policy change May 18, 2006, the police department added prosecutorial consideration to the definition of confidential informant while also clarifying the difference between a confidential informant and a reliable confidential informant, records show. …
> Most changes in policies and procedures are made to comply with CALEA standards so that the department can remain CALEA-accredited," Willingham said. "Other reasons that changes are made involve apparent holes in the policy which come to light through questions. Occasional misbehavior can be the cause for a revision as well."
> Penalties for violating the policies can include a letter of reprimand, suspension, demotion or termination, Willingham said.
> In a recent change to recovered-evidence guidelines, the policy makes it clear that on-duty police officers cannot claim found property. The revision was approved May 1, 2009, and states: "On-duty officers who locate found property are prohibited from claiming the found property. The property will be turned in according to the procedures established herein." "From what we can determine, this change was made to make this more clear, but I cannot recall an officer ever claiming found property," Willingham said. Willingham said the department has two full-time officers who oversee CALEA and policy compliance. The officers also remain diligent on the recommended improvements for the guidelines. "For those who have admitted stealing money and other actions, this is an anomaly and it is not part of the department culture," Willingham said. <u>"We may have some gaps in policy, but we are reviewing them so that this does not happen again."</u>

[<u>Emphasis</u> added].

25.     The following is the oath a Tulsa police officer takes:

> Having been duly appointed a police officer of the City Of Tulsa and peace officer of the State Of Oklahoma, I do solemnly swear that I will defend, enforce, and obey the Constitution and laws of the United States, the State Of Oklahoma, and the Charter and Ordinances of the City of Tulsa. That I will obey the lawful orders of my superior officers and the regulations of the Tulsa Police Department. That I will protect the rights, lives, and property of all citizens and uphold the   honor of the police profession with my life if need be. This I solemnly swear.

And the following is the Value Oath:

> The Tulsa Police Department will apply all knowledge, skills, and available resources by working in partnership with our Community to provide quality service, protect life and property, prevent crime, and resolve problems, so people can live without fear in a safe environment. I accept the responsibilities

of being recognized as a leader of the Tulsa Police Department. As a leader, I pledge to honorably perform my assigned duties while displaying the integrity and the courage:

> To stand up for what I know is right,
> To stand up against wrongs in any form,
> To respect the dignity and rights of every individual,
> To exercise wisdom and fairness in dealing with all citizens, and
> To ultimately bring honor and pride upon the Tulsa Police Department and myself.

## FIRST CAUSE OF ACTION
### *BIVENS* ACTION
### PLAINTIFF vs. MCFADDEN

For his First Cause of Action against McFadden, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein and further alleges and states as follows:

26. McFadden, as a federal official employed by the BATF, acting under color of statute, regulation, custom or law, by fabricating the drug transaction, falsely arresting the Plaintiff, maliciously prosecuting the Plaintiff subsequent to the fabricated drug transaction, committing perjury during the Plaintiff's criminal trial, which caused the Plaintiff to be subjected to the deprivation of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendment of the Constitution of the United States and its laws. The Plaintiff is entitled to relief from McFadden under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

27. McFadden personally participated in the alleged drug transaction and in the violations of the Plaintiff's constitutional rights.

28. McFadden's actions were reckless, knowing, intentional, malicious and/or wanton violation of the Plaintiff's rights under the Fourth Amendment to be free from unreasonable search and seizure, the right to not be deprived of life, liberty, or property without due process,

8

as well as the Fourteenth Amendment, and renders him liable in an action at law or other proceeding for redress of the injuries sustained.

29. McFadden's actions in falsely accusing, committing perjury, and recklessly, intentionally, and maliciously prosecuting the Plaintiff resulted in his being wrongfully convicted and imprisoned. The Plaintiff is therefore entitled to an award of punitive damages.

**WHEREFORE**, premises considered, the Plaintiff prays the Court for Judgment against McFadden, and award him compensatory damages in excess of five million dollars ($5,000,000.00), award him punitive damages in excess of five million dollars ($5,000,000.00), prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 (CIVIL RIGHTS)
### PLAINTIFF vs. CITY OF TULSA, PALMER, and JOHN DOES 1-30, DOES 31-40

For his Second Cause of Action against the Defendants COT, Palmer in his individual capacity, and John Does 1-30, Does 31-40 the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein and further alleges and states as follows:

30. The COT, Palmer--as to this claim in his individual capacity--and the John Doe Defendants, acting under color of statute, regulation, custom or law of the State of Oklahoma, caused the Plaintiff to be subjected to the deprivation of his rights, privileges, and immunities secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and its laws in violation of 42 U.S.C. § 1983. The acts of the COT, Palmer, and the John Doe Defendants was reckless, knowing, intentional, malicious and/or wanton violation of the Plaintiff's rights and renders them liable in an action at law or other proceeding for redress of the injuries sustained.

9

31. At all times relevant herein, Palmer and Does 31-40 were supervisors and/or policy makers for the COT which promulgated, employed, and/or organized unlawful and illegal customs and practices of TPD officers that fabricated information about persons such as the Plaintiff resulting in: maliciously created unfounded criminal charges against the Plaintiff; falsification of evidence and filing of false police reports and evidence in violation of 21 O.S. §§ 453, 589; committing perjury and encouraging others to do so in violation of 21 O.S. § 456; and other particulars that will be revealed upon the completion of discovery. This misconduct was encouraged, tolerated and condoned by Palmer and Does 31-40.

32. COT, Palmer, and Does 31-40 have a duty and responsibility for training Henderson and the John Does 1-30 as officers of TPD to protect the constitutional and statutory rights of its citizens such as the Plaintiff. As to Henderson, the COT, and Palmer knew he disregarded or otherwise did not follow departmental policy, rules, and regulations and willfully and intentionally refused to undertake the necessary remedial efforts to protect the citizens of Tulsa from him. Indeed, COT's failure to adequately and properly train its officers constitutes deliberate indifference to the rights of persons such as the Plaintiff.

33. COT, Palmer, and Does 31-40 knew of the threat of harm and injury Henderson posed to the Plaintiff and the citizens of Tulsa, and acted with deliberate indifference to the Plaintiff's constitutional rights. The COT, Palmer, and the John Doe Defendants by failing to perform the foregoing, and further allowing its officers to violate the Fourth, Fifth, Sixth and Fourteenth Amendment rights of the U.S. Constitution when said officers: conducted an unlawful and malicious prosecution of the Plaintiff and conspire to mislead the Court; committing perjury in furtherance of their desire to maliciously prosecute the Plaintiff; threatening and intimidating others to commit perjury; and allowing conspiracies to arrest and

detain the Plaintiff. Such conduct was deliberately indifferent to the constitutional rights of the Plaintiff regardless whether their policies or customs were constitutional.

34. At all relevant times relevant the Plaintiff's rights were at clearly established both statutorily and constitutionally and that Palmer and Does 31-40 actions were unreasonable.

35. Alternatively, the COT had a policy or custom of failing to monitor and supervise Henderson and the Defendant John Doe officers employed by TPD to protect the constitutional rights of the citizens of Tulsa, Oklahoma. The COT, Palmer, and the John Doe Defendants by failing to perform the foregoing, and further allowing its officers to violate the Fourth, Fifth, Sixth and Fourteenth Amendment rights of the U.S. Constitution when said officers: conducted an unlawful and malicious prosecution of the Plaintiff and conspire to mislead the Court; committing perjury in furtherance of their desire to maliciously prosecute the Plaintiff; threatening and intimidating others to commit perjury; and allowing conspiracies to arrest and detain the Plaintiff. Such conduct was deliberately indifferent to the constitutional rights of the Plaintiff regardless whether their policies or customs were constitutional.

36. Moreover, the violations of the policies of the COT through its TPD are so prevalent they amount to a custom or practice that has been ratified by the condoning of the same. By its failure to adopt proper and constitutional policies and customs, the COT through its TPD created an environment wherein its officers were able to freely and without fear of discipline violate the rights of the citizens such as the Plaintiff.

37. The actions of the COT violated the Plaintiff's constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendment causing him harm and damages. The Plaintiff was deprived of his very freedom, suffered severe emotional trauma, pain, and distress, and will most assuredly continue to suffer future emotional pain and distress entitling him to

compensatory damages. Because these Defendants exhibited evil motive and intent and/or demonstrated reckless or callous indifference to the federally protected rights of the Plaintiff, he also seeks an award of punitive damages against them.

**WHEREFORE**, premises considered, the Plaintiff prays the Court for Judgment against the Defendants City of Tulsa, Palmer in his individual capacity, John Does 1-30, and Does 31-40, and award him compensatory damages in excess of five million dollars ($5,000,000.00), award him punitive damages as to Palmer in his individual capacity and the John Doe Defendants in excess of five million dollars ($5,000,000.00), prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

### THIRD CAUSE OF ACTION
### NEGLIGENCE AND NEGLIGENCE PER SE
### PLAINTIFF vs. CITY OF TULSA

For his Third Cause of Action against the City of Tulsa, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein and further alleges and states as follows:

38.   The COT owed common law and statutory duties to protect persons such as the Plaintiff from police misconduct, including without limitation: the unlawful and unconstitutional investigations by TPD, and BATF officers; the TPD and BATF officers' malicious prosecution of the Plaintiff, TPD and BATF officers giving false testimony; and TPD and BATF officers intimidating and coercing others to testify falsely. Such duties include without limitations COT and TPD's failure to properly train, monitor, and supervise TPD and BATF officers such as Henderson, McFadden and the John Does 1-30.

39.     The COT had a common law and statutory duty to train, supervise, monitor and discipline TPD and BATF officers such as Henderson and McFadden, including termination, once it became known of the obvious signs of misconduct by Henderson and McFadden.

40.     The COT breached the aforementioned duties they owed to persons such as the Plaintiff, and other common law and statutory duties owed to the Plaintiff that will be revealed during discovery, and as a direct and proximate result of said breaches caused injury to him.

41.     The Plaintiff has suffered damages as a result of the duties breached by the COT, and other common law and statutory duties owed to the Plaintiff which will be revealed during discovery. The COT are also responsible for the tortious acts of Henderson and McFadden against the Plaintiff. Damages include severe emotional distress, loss of income, pain and suffering, mental pain and suffering, and impairment of earning capacity.

**WHEREFORE**, premises considered, the Plaintiff prays the Court for Judgment against the Defendant City of Tulsa, and award him compensatory damages in excess of one million dollars ($1,000,000.00), prejudgment and post judgment interest, attorney's fees incurred, and any other relief deemed just and equitable.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF vs. PALMER, HENDERSON, MCFADDEN, JOHN DOES 1-30, DOES 31-40

For his Fourth Cause of Action against the Palmer, Henderson, McFadden, and John Does 1-30, and Does 31-40, the Plaintiff adopts and re-alleges all of their allegations above as if fully set forth herein and further alleges and states as follows:

42.     These Defendants' actions were both intentional and reckless. Furthermore, the Defendants' conduct was of an extreme and outrageous nature.

43. The Plaintiff suffered and experienced emotional distress because of these Defendants' actions and such distress was severe.

**WHEREFORE**, premises considered, the Plaintiff prays the Court for Judgment against the Defendants Palmer, Henderson, McFadden, and John Does 1-30, 31-40, and award him compensatory damages in excess of five million dollars ($5,000,000.00), award him punitive damages in excess of five million dollars ($5,000,000.00), prejudgment and post judgment interest, attorneys' fees incurred, and any other relief deemed just and equitable.

Respectfully submitted,

By: /s/ J. Derek Ingle
J. DEREK INGLE, OBA# 16509
E. TERRILL CORLEY & ASSOCIATES
1809 East 15th Street
Tulsa, OK 74104-4610
(918) 744-6641 - Telephone
(918) 747-4921 - Facsimile
derekingle@corley-associates.com

-and-

E. ANTHONY MARESHIE, OBA#18180
E. ANTHONY MARESHIE, P.L.L.C.
6528 D-1 East 101st Street
Box 208
Tulsa, Oklahoma 74133-1202
(918) 519-3771 - Telephone
(918) 970-6927 - Facsimile
tulsalegal@gmail.com

-and-

ART FLEAK, OBA#2972
1200 S. Cheyenne, Suite 403
Tulsa, Oklahoma 74103
(918) 582-9339 – Telephone
(918) 583-1117 – Facsimile
fleakart@hotmail.com

*Counsel for Plaintiff Lindell Pointer*